UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOLAN J. LEBOEUF | CIVIL ACTION |
| VERSUS | NO. 24-1695 |
| HUNTINGTON INGALLS, INCORPORATED, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiff Nolan LeBoeuf Jr.'s motion for partial summary judgment on the government immunity defenses asserted by defendant Huntington Ingalls Incorporated ("Avondale").[1] Avondale opposes plaintiff's motion.[2] For the following reasons, the Court grants plaintiff's motion.

### I.   BACKGROUND

This case arises from plaintiff's alleged exposure to asbestos. Plaintiff contends that he was exposed to asbestos dust during his work at Avondale Shipyard in the 1970s and 80s and outside of his work for the shipyard while visiting his coworkers.[3] He alleges that Avondale failed to educate

---

[1]   R. Doc. 120.
[2]   R. Doc. 121.
[3]   R. Doc. 1-2 ¶ 4.

and warn him about asbestos dust, which left him unprotected from asbestos dust exposure. He alleges that his exposure to asbestos dust caused him to develop mesothelioma.[4] Plaintiff filed a petition for damages in state court against Avondale and others asserting liability for his asbestos exposure and resulting mesothelioma.[5] In his petition, plaintiff asserts that Avondale negligently failed to warn and disclose, or otherwise protect him from, the risks of asbestos dust exposure.

Avondale removed the action to federal court.[6] In its notice of removal, Avondale contended that removal was proper because it was acting under an officer of the United States at all relevant times.[7] In particular, Avondale argued that because the vessels on which plaintiff worked were manufactured pursuant to contracts with the federal government, it was entitled to government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross. Construction Co.*, 309 U.S. 18 (1940).[8]

---

4    *Id.* ¶ 8.
5    *Id.* ¶ 2.
6    R. Doc. 1.
7    *Id.* at 3.
8    *Id.* at 9-10 ¶¶ 23 & 25.

2

Plaintiff now moves for summary judgment in his favor on the issue of whether Avondale has immunity for its alleged failure to warn or otherwise protect plaintiff from asbestos exposure by virtue of its status as a federal government contractor.[9]  Avondale opposes the motion.[10]

The Court considers the motion below.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  All reasonable inferences are drawn in favor of the nonmoving

---

[9]   R. Doc. 120-1 at 1-2.
[10]  R. Doc. 121.

party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for

4

resolution. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

LeBoeuf seeks summary judgment that Avondale is not entitled to government contractor immunity for claims that it failed to warn plaintiff of the hazards of asbestos dust, or otherwise protect him from asbestos exposure.[11] This Court and other sections have addressed these same issues many times before and consistently granted summary judgment, holding that Avondale is not entitled to any immunity for claims related to its failure to warn of asbestos dust exposure, or otherwise enact protective measures. *See, e.g.*, *Crossland v. Huntington Ingalls, Inc.*, 635 F. Supp. 3d 491 (E.D. La. 2022).[12]

---

11  R. Doc. 120-1 at 1.
12  *See also Irma Lee LaGrange v. Eagle, Inc., et al.*, No. 23-628, 2024 WL 4107922 (E.D. La. Sept. 6, 2024) (Barbier, J.); *Gomez v. Huntington Ingalls, Inc.*, No. 23-2850 (E.D. La. July 22, 2024) (Papillon, J.); *Matherne v. Huntington Ingalls Inc.*, No. 22-2656, 2024 WL 216925 (E.D. La. Jan. 19, 2024) (Barbier, J.); *Legendre v.*

Avondale repeats the same arguments that it has made previously, even as it seeks a different outcome. Indeed, Avondale's opposition brief here[13] is a nearly verbatim copy of the one it filed in *LaGrange v. Eagle, Inc.*,[14] which was recently rejected by Judge Barbier. No. 23-628, 2024 WL 4107922, at *2 (E.D. La. Sept. 6, 2024). Further, at certain points, defendant seems to be addressing a different complaint in a previous case. Avondale argues for instance that summary judgment should be denied because plaintiff "asserts general negligence against Avondale, seeking to impose liability for Avondale's use and handling of asbestos, and not merely for an alleged failure to protect from asbestos."[15] But plaintiff explicitly disclaims that kind of liability in his complaint, specifically limiting his allegations "against Avondale and the Avondale Executive Officers [to] **only** negligent failure to adopt adequate safety measures that would have

---

*Louisiana Ins. Guaranty Ass.*, No. 22-1767, 2024 WL 1556842 (E.D. La. Apr. 10, 2024) (Fallon, J.); *Falgout v. Anco Insulations, Inc.*, No. 21-1443, 2022 WL 7540115 (E.D. La. Oct. 13, 2022) (Barbier, J.); *Adams v. Eagle, Inc.*, No. 21-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022) (Morgan, J.); *Wilde v. Huntington Ingalls, Inc.*, No. 15-1486, 2015 WL 452350 (E.D. La. May 21, 2015) (Fallon, J.); *Savoie v. Penn. Gen. Ins.*, No. 15-1220, 2015 WL 3604848 (E.D. La. June 8, 2015) (Barbier, J.); *Cole v. Northrop Grumman Ship Sys.*, No. 7-3049, 2008 WL 2651428 (E.D. La. 2008) (Fallon, J.); *Gauthe v. Asbestos Corp.*, No. 96-2454, 199 WL 3255 (E.D. La. May 21, 2015) (Duval, J.).

[13] R. Doc. 121.
[14] E.D. La., No. 23-628, R. Doc. 35.
[15] R. Doc. 121 at 1.

prevented the injuries upon which this [p]etition is based."[16] To support its assertion otherwise, defendant refers to paragraphs in plaintiff's petition that do not exist, much less any that indicate that plaintiff seeks a broader form of liability for Avondale's use and handling of asbestos.[17]

Under *Boyle*, a defendant may "claim the government contractor defense" for design defect claims if "(1) the government must have approved 'reasonably precise' specifications; (2) the equipment must have conformed to those specifications; and (3) the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor, but not to the government." *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000) (citing *Boyle*, 487 U.S. at 512). In the context of failure-to-warn claims, the Fifth Circuit has applied a "modified *Boyle* test" in which government contractors are immune from liability for failure to warn only when "(1) the United States exercised discretion and approved the warnings; (2) the contractor provided a warning that conformed to the approved warnings; and (3) the contractor warned about dangers it knew, but the government did not." *Kerstetter*, 210 F.3d at 438.

---

[16]  R. Doc. 1-1 ¶ 10.
[17]  *See* R. Doc. 121 at 1 n.4 (referring to the non-existent ¶ 4(G) in plaintiff's petition for damages).

7

The Court finds that defendant has failed to establish its entitlement to *Boyle* immunity for plaintiff's failure to warn claim. *See Crossland*, 635 F. Supp. 3d at 501. Defendant admitted that Avondale had discretion and the freedom to decide whether to warn its employees about the dangers of asbestos during the years in which plaintiff was employed at the shipyard,[18] and offers no evidence that the government was involved in Avondale's decision not to issue warnings to its employees about the dangers of asbestos. *See id.* at 502-03 (denying Avondale immunity for plaintiff's failure-to-warn claim because "the record indicates that 'no governmental discretion was exercised.'").

Defendant instead argues that the government exercised discretion by omission, because it required Avondale to follow other safety measures, including issuing warnings and safety training programs about radiation hazards[19] and setting an exposure limit for asbestos.[20] That the government required other safety measures and oversaw the design and construction of the asbestos-containing vessels more broadly does not show that it exercised discretion in the decision not to issue warnings related to asbestos. *See id.* at 502 ("[D]efendants have not met their burden of

---

18    R. Doc. 120-19 at 1-4.
19    R. Doc. 121 at 17-18 (citing 41 C.F.R. §§ 50-204.309 & 50-294.312(a)).
20    R. Doc. 121 at 13 (citing R. Docs. 121-3 ¶ 62 & 121-18 at 2).

8

identifying evidence creating a genuine dispute of material fact as to whether 'the federal government had [a] hand in' the decision of whether to issue warnings related to asbestos." (quoting *Adams*, 2022 WL 4016749, at *7)). Defendant provides no evidence that "the government actually chose a warning through its discretion." *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 353 (5th Cir. 2010). Accordingly, the Court holds that defendant is not entitled to *Boyle* immunity for plaintiff's failure-to-warn claims. *See Crossland*, 635 F. Supp. 3d at 502. (holding that defendants are not entitled immunity for plaintiff's failure-to-warn claims).

The Court also finds that defendant has failed to establish its entitlement to *Boyle* immunity for claims premised on defendant's failure to protect its employees from asbestos exposure. Defendant admitted that its contracts with the government did not constrain it from implementing its own protocols to protect workers from asbestos contamination, and that it did not submit any of its policies or procedures for the safe handling and use of asbestos to the government.[21] Defendant also does not offer evidence that the government otherwise approved reasonably precise specifications on measures to protect Avondale's employees from asbestos.

---

21   R. Doc. 120-19 at 5 & 9.

9

Defendant argues that it followed the government's reasonably precise specifications on asbestos safety measures because it complied with the safety regulatory standards of the Walsh-Healey Act and the Department of Labor's Safety and Health Regulations.[22] These arguments are unpersuasive. *See id.* (rejecting Avondale's arguments that compliance with government's safety and health standards entitle it to *Boyle* immunity). First, the Department of Labor's Safety and Health Regulations provide general health and safety directives but do not express any specific safety standard or protective measure governing an employee's use and handling of asbestos.[23] And although the safety and health standards of the Walsh-Healey Act provide that no employee shall be exposed to asbestos in excess of a specified limit unless protected with respiratory equipment,[24] the Act explicitly states that it expresses only "minimum safety and health standards" and that compliance "will not relieve anyone from any obligation to comply with any more strict standard stemming from any other source whatsoever."[25] The Fifth Circuit has held that a minimum standard set by the government does not constitute a reasonably precise

---

[22] *See* R. Doc. 121 at 19-20; *see also* R. Doc. 121-22 at 39:3-19 (describing government safety inspections to ensure compliance with regulatory standards).
[23] *See* R. Doc. 121-15.
[24] R. Doc. 121-19 at 30 (§ 50-204.275).
[25] R. Doc. 121-19 at 5-6 (§ 50-204.1).

specification under *Boyle*. *Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1480 (5th Cir. 1989); *see also Crossland*, 635 F. Supp. 3d at 502 ("[D]efendants' compliance with the minimum health and safety requirements of the Walsh-Healey Act does not give rise to immunity under the *Boyle* doctrine."). The government therefore did not issue any reasonably precise specification to Avondale governing its protective measures for the use and handling of asbestos. *See Adams*, 2022 WL 4016749, at *9 ("The existence of a reasonably precise specification on the use and storage of asbestos, an essential element of Avondale's defense under *Boyle*, has not been met."). Accordingly, defendant is not entitled to immunity under *Boyle* for claims that it failed to protect plaintiff from asbestos dust exposure. *See Crossland*, 635 F. Supp. 3d at 502 (holding that defendants are not entitled immunity for "plaintiff's claims premised on defendants' failure to implement additional safety measures to prevent the spread of asbestos.").

    Lastly, defendant is not entitled to *Yearsley* immunity. *See id.* at 504-05 (rejecting defendant's argument that it is entitled to *Yearsley* immunity). Under *Yearsley*, government contractors are immune from liability for "executing [the government's] will" if (1) the contractor's authority to perform was validly conferred by the government, and (2) the

11

contractor did not exceed the authority conferred by its contract. 309 U.S. at 21. Defendant argues that it is entitled to *Yearsley* immunity because it executed the government's affirmative requirements to use asbestos in the construction of federal vessels.[26] But plaintiff expressly does not seek to impose liability for Avondale's use of asbestos at the behest of the government; rather plaintiff seeks relief for Avondale's failure to adopt adequate safety measures that would have protected him and other workers.[27] *See Crossland*, 635 F. Supp. 3d at 504 (noting that Avondale's argument that it is "entitled to [*Yearsley*] immunity because the government authorized and directed [its] use of asbestos . . . relies on a mischaracterization plaintiff's claims"); *see also Adams*, 2022 WL 4016749, at *12 (recognizing that "plaintiff's claims trace to Avondale's alleged decision not to warn its employees of the dangers of asbestos exposure and . . . implement an asbestos decontamination policy, . . . which is a separate act of negligence" from "the government's policy of requiring the use of asbestos in Navy vessels"). Because defendant provides no evidence that the government authorized and directed Avondale's efforts to warn workers of, or protect them from, the dangers of asbestos, it is not entitled to *Yearsley* immunity on plaintiff's claims. *See id.* at 505 ("[Avondale] here

---

[26]   R. Doc. 121 at 9-10.
[27]   R. Doc. 1-1 ¶ 10.

12

cannot claim immunity under *Yearsley* for [its] alleged negligent 'failure to warn of the dangers of asbestos and failure to prevent the spread of asbestos.'" (quoting *Adams*, 2022 WL 4016749, at *12)).

Avondale does not provide any new evidence or precedent that would lead the Court to deviate from past rulings. Avondale therefore fails to meet its burden of identifying evidence that creates a genuine dispute of material fact as to whether it is entitled to immunity as a federal contractor under either *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), or *Yearsley v. W.A. Ross. Construction Co.*, 309 U.S. 18 (1940), for its failure to warn or otherwise protect plaintiff from asbestos dust exposure.[28] Accordingly, the Court finds that plaintiff is entitled to summary judgment on these issues.[29]

---

[28]   *Id.* at 9-10 ¶¶ 23 & 25.
[29]   Plaintiff also argues that because defendant used commercially available asbestos-containing products in the vessels, it is exempt from immunity under *Boyle* and *Yearsley*. R. Doc. 120-1 at 18-20. Because the Court finds that defendant failed to establish its entitlement to *Boyle* and *Yearsley* immunity on other grounds, it need not reach the parties' arguments on this issue.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for partial summary judgment.

New Orleans, Louisiana, this __7th__ day of March, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE