UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOLAN J. LEBOEUF | CIVIL ACTION |
| VERSUS | NO. 24-1695 |
| HUNTINGTON INGALLS, INCORPORATED, ET AL. | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is plaintiff Nolan LeBoeuf Jr.'s motion to remand.[1] Huntington Ingalls, Incorporated ("Avondale") opposes plaintiff's motion.[2] For the following reasons, the Court denies plaintiff's motion.

## I.  BACKGROUND

This case arises from plaintiff's alleged exposure to asbestos. Plaintiff contends that he was exposed to asbestos dust during his work at Avondale Shipyard in the 1970s and 80s and outside of his work for the shipyard while visiting his coworkers.[3] He alleges that his exposure to asbestos dust caused him to develop mesothelioma.[4] Plaintiff filed a petition for damages

---

[1]  R. Doc. 155.
[2]  R. Doc. 164.
[3]  R. Doc. 1-2 ¶ 4.
[4]  *Id.* ¶ 8.

in state court against Avondale and others asserting liability for his asbestos exposure and resulting mesothelioma.[5] In his petition, plaintiff asserts that Avondale negligently failed to warn and disclose, or otherwise protect him from, the risks of asbestos dust exposure.

Avondale removed the action to federal court.[6] In its notice of removal, Avondale contended that removal was proper because it was acting under an officer of the United States at all relevant times.[7] In particular, Avondale argued that because the vessels on which plaintiff worked were manufactured pursuant to contracts with the federal government, it was entitled to government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross. Construction Co.*, 309 U.S. 18 (1940).[8]

On November 22, 2024, plaintiff moved for partial summary judgment on Avondale's entitlement to a government immunity defense.[9] The Court granted the motion in plaintiff's favor and held that Avondale was not immune under either federal contractor defense for its alleged

---

5  *Id.* ¶ 2.
6  R. Doc. 1.
7  *Id.* at 3.
8  *Id.* at 9-10 ¶¶ 23 & 25.
9  R. Doc. 120.

failure to warn or otherwise protect plaintiff from asbestos exposure by virtue of its status as a federal government contractor.[10]

Plaintiff now moves to remand the case to state court and argues that the Court's jurisdiction is lacking after the Court ruled on Avondale's federal immunity defenses.[11] Avondale opposes the motion.[12] The Court considers the motion below.

## II. LAW AND ANALYSIS

The Federal Officer Removal Statute authorizes removal of a suit by the "United States or any agency thereof (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any color of such office . . .." 28 U.S.C. § 1442(a)(1). Suits against federal officers may be removed if a defense depends on federal law, even if plaintiff's complaint does not assert a federal claim. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). To remove an action under Section 1442(a), a defendant must show: 1) it has asserted a colorable defense, (2) it is a 'person' within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the

---

[10]    R. Doc. 151.
[11]    R. Doc. 155.
[12]    R. Doc. 164.

3

charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (citing *Winters v. Diamon Shamrock Chem. Co.*, 149 F.3d 387, 396-400 (5th Cir. 1998)).

Because of its broad language and unique purpose, courts interpret the federal officer removal statute differently from the general removal provision. *Texas v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017). Unlike the general removal statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), courts must analyze federal officer removal under 28 U.S.C. § 1442 "without a thumb on the remand side of the scale," *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016); *see also Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021) ("[U]nlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." (citation omitted)).

Plaintiff argues remand is warranted after the Court held that Avondale was not entitled to a government immunity defense, which it asserted as its basis for removal under 28 U.S.C. § 1442(a). Plaintiff contends that the Court's decision, which follows those of other sections in

4

the Eastern District of Louisiana,[13] demonstrates that Avondale did not have a "colorable" federal defense and that the charged conduct was not connected to or associated with an act pursuant to a federal officer's directions, as required by 28 U.S.C. § 1442(a).[14] *See Latiolais*, 951 F.2d at 296. Plaintiff additionally contends that even if Avondale satisfied the requirements of 28 U.S.C. § 1442(a) at the time of removal, the Court should not continue to exercise jurisdiction over plaintiff's exclusively state-law claims after it rejected the merits of Avondale's federal defense.[15] Both of plaintiff's arguments have been foreclosed by the Fifth Circuit.

First, in *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (2020), the Fifth Circuit held *en banc* that Avondale was entitled to remove an

---

[13]  *See also Irma Lee LaGrange v. Eagle, Inc., et al.*, No. 23-628, 2024 WL 4107922 (E.D. La. Sept. 6, 2024) (Barbier, J.); *Gomez v. Huntington Ingalls, Inc.*, No. 23-2850 (E.D. La. July 22, 2024) (Papillon, J.); *Matherne v. Huntington Ingalls Inc.*, No. 22-2656, 2024 WL 216925 (E.D. La. Jan. 19, 2024) (Barbier, J.); *Legendre v. Louisiana Ins. Guaranty Ass.*, No. 22-1767, 2024 WL 1556842 (E.D. La. Apr. 10, 2024) (Fallon, J.); *Falgout v. Anco Insulations, Inc.*, No. 21-1443, 2022 WL 7540115 (E.D. La. Oct. 13, 2022) (Barbier, J.); *Adams v. Eagle, Inc.*, No. 21-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022) (Morgan, J.); *Wilde v. Huntington Ingalls, Inc.*, No. 15-1486, 2015 WL 452350 (E.D. La. May 21, 2015) (Fallon, J.); *Savoie v. Penn. Gen. Ins.*, No. 15-1220, 2015 WL 3604848 (E.D. La. June 8, 2015) (Barbier, J.); *Cole v. Northrop Grumman Ship Sys.*, No. 7-3049, 2008 WL 2651428 (E.D. La. 2008) (Fallon, J.); *Gauthe v. Asbestos Corp.*, No. 96-2454, 199 WL 3255 (E.D. La. May 21, 2015) (Duval, J.).

[14]  R. Doc. 155-1 at 6-12.

[15]  *Id.* at 12-13.

asbestos-exposure action under the federal officer removal statute. *Id.* at 289. In doing so, the Fifth Circuit explicitly held that Avondale satisfied the conditions for removal now contested by plaintiff: that Avondale asserted a "colorable federal defense" under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and that Avondale's failure to warn of the dangers of asbestos and prevent exposure was connected to the installation of asbestos in naval ships pursuant to the directions of the U.S. Navy. *Id.* at 296-97.

As to plaintiff's argument about the volume of post-*Latiolais* district court cases rejecting Avondale's argument for government contractor immunity,[16] the Court finds that it remains bound by the Fifth Circuit's holding in *Latiolais*, unless or until it is overturned by another *en banc* decision of the circuit court or a decision of the Supreme Court. *See Soc. Of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991). Moreover, plaintiff's argument conflates different standards. A defense need not be "clearly sustainable" to be colorable. *Id.* at 297 (citing *Jefferson Cnty.*, 527 U.S. at 431). Rather, a defense need only be "plausible," and not "wholly insubstantial and frivolous," to warrant removal under Section 1442(a). *Id.* (citation omitted); *see also Bell v. Thornburg*, 743 F.3d 84, 89 (5th Cir. 2014) (holding that a party "must

---

[16] *See supra*, n.13.

only allege 'a causal connection between what [it] has done under asserted official authority and the state action'" to assert a colorable federal defense (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989))). That Avondale has failed to provide evidence that would allow its federal defense to survive summary judgment does not conflict with the Fifth Circuit's ruling that Avondale's defense is colorable for the purposes of jurisdiction under the federal officer removal statute. *See, e.g., Boutte v. Huntington Ingalls, Inc.*, No. 23-3321, 2023 WL 2367438, *3 (E.D. La. Mar. 6, 2023) ("[T]he question presented on this motion is not whether the defense would survive summary judgment when examining the available evidence, but rather is the defense colorable for the case to remain in federal court with the appropriate subject matter jurisdiction.").

Second, as to the effect of the Court's denial of governmental immunity on the merits, the Fifth Circuit concluded in *Williams v. Lockheed Martin Corp.*, 990 F.3d 852 (5th Cir. 2021), that a district court does not "lose jurisdiction" under Section 1442(a) if, as here, "the facts later indicate the federal defense fails." *Id.* at 863. Instead, courts should decide the "propriety of remand" based on "the record as it stands at the time the petition for removal is filed." *Id.* (citing *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979)). Therefore, unless the

7

"federal contractor defense" was "insubstantial on its face" or "obviously frivolous" at "the time of removal," the Court retains jurisdiction over the case. *Id.*; *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 n.13 (6th Cir. 2010) ("That the federal court ultimately rejects the federal defense that supported removal under § 1442(a)(1) does not mean that it thereby loses subject matter jurisdiction over the removed action [because] the jurisdiction of the federal courts will not be defeated by later developments in the suit." (citation omitted)); *Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994) ("Nothing in the federal removal statutes authorizes the remand of a case that has been properly removed under § 1442(a)(1) on the ground that the federal employee's immunity defense is later rejected[;] [and] . . . the district court had no right to decline to exercise jurisdiction over the removed action.").

Plaintiff asserts that the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), undermines the Fifth Circuit's decision in *Williams* and permits remand. In *Royal Canin*, the Supreme Court held that a court loses supplemental jurisdiction when a plaintiff amends her complaint to eliminate the federal-law claims that provided a basis for removal under 28 U.S.C. § 1441. *Id.* at 30. But *Royal Canin* obviously involved a different issue from whether the Court retains

8

its jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442, after it dismisses defendant's federal defense on the merits. Before a Supreme Court opinion overrides a Fifth Circuit case, "the decision must unequivocally overrule prior precedent; mere illumination of a case is insufficient." *See United States v. Powell*, 78 F.4th 203, 208 (5th Cir. 2023) (citations and alterations omitted).

Further, substantive differences between the circumstances in *Royal Canin* and this case indicate why remand is inappropriate here. First, courts broadly construe the federal officer removal statute to be in favor of a federal forum, unlike the general removal statute at issue in *Royal Canin*. *Williams*, 990 F.3d at 859. Moreover, revival of a federal issue "cannot happen when the plaintiff has excised [it] through a proper amendment," but "an appellate court may yet revive" federal claims or defenses that have been "dismissed by the district court." *Royal Canin*, 604 U.S. at 33. Additionally, the Supreme Court justified the elimination of supplemental jurisdiction via amendment because a plaintiff "gets to determine which substantive claims to bring against which defendants" and in so doing, "can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.* at 35-36. But because the dismissal of a federal defense by the Court does not involve an exercise of control by the plaintiff over the

9

subject and structure of its suit, no such reason exists here. *Royal Canin* therefore does not affect the Court's jurisdiction under 28 U.S.C. § 1442 after the dismissal of Avondale's federal defense.

Because federal jurisdiction under 28 U.S.C. § 1442(a) survives the dismissal of federal defenses, the Court need not consider whether it should exercise supplemental jurisdiction over plaintiff's claims under 28 U.S.C. § 1367. The Court retains jurisdiction over this action.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this __15th__ day of May, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE